**MECHANICAL SPECIALTIES COMPANY, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 22538.

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1969.

See Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 455, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957).

Stanley E. Tobin (argued), Carl M. Gould, Edwin H. Franzen, Kyle D. Brown of Hill, Farrer & Burrill, Los Angeles, Cal., for petitioner.

Robert A. Giannasi (argued), Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Washington, D. C., Paul A. Cassady, Director, NLRB, Los Angeles, Cal., for respondent.

Before BROWNING, DUNIWAY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This case is before us upon the petition of Mechanical Specialties, Inc. (hereafter the petitioner), to review, and on cross-petition of the National Labor Relations Board to enforce, an order of the Board issued on June 28, 1967, against the petitioner pursuant to Sec. 10(c) of the National Labor Relations Act, (hereafter the Act), (29 U.S.C. § 160(c)). Submission of this case was vacated pending the United States Supreme Court's disposition of NLRB v. Gissel Packing Co., Inc. and its companion cases; these cases were decided by a consolidated opinion on June 16, 1969 (395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547).

Petitioner resisted attempts by the Union (United Automobile Workers) to organize its employees. As a result of petitioner's activity, the Union lost the representation election, 59 to 40. However, the Union claimed petitioner's unfair labor practices voided the election, and the Union sought recognition on the basis of authorization cards obtained from 68 of the 115 employees in the unit (58 would be necessary for a majority).

After a hearing, the Board found that petitioner threatened and coerced employees in violation of Sec. 8(a) (1) of the Act (29 U.S.C. § 158(a) (1)) by granting wage increases to combat union organization, interrogating employees about their union sympathies, and threatening plant closure and loss of jobs if the employees selected the Union; that petitioner violated Sec. 8(a) (2) and (1) of the Act (29 U.S.C. § 158(a) (2) and (1)) by dominating and interfering with an employee grievance committee; that petitioner violated Sec. 8(a) (3) and (1) of the Act (29 U.S.C. § 158(a) (3) and (1)) by discriminatorily discharging employees Cantrell and Klein to discourage union activity; and that petitioner violated Sec. 8(a) (5) and (1) of the Act (29 U.S.C. § 158(a) (5) and (1)) by refusing to bargain with the Union, which represented a majority of the employees. The Board ordered petitioner to cease and desist from the un-

fair labor practices found and from in any other manner interfering with, restraining or coercing its employees in the exercise of their rights under the Act. Affirmatively, the Board's order requires petitioner to disestablish the grievance committee; offer full reinstatement with back pay to Cantrell and Klein; and upon request, bargain collectively with the Union.

■ There is sufficient evidence to support the Board's findings that petitioner committed unfair labor practices in violation of Sec 8(a) (1), (2) and (3) of the Act. The remaining question is whether petitioner violated Sec. 8(a) (5) of the Act by refusing to bargain with the Union on the basis of the authorization cards. The Supreme Court's opinion in NLRB v. Gissel Packing Co., Inc. supra, has determined that while the preferred route for a union to obtain recognition as the exclusive bargaining representative of an unorganized group of employees is through the Board's election and certification procedures under Sec. 9(c) of the Act, (29 U.S.C. § 159 (c)), it is not the only route. The Court held a bargaining order is an appropriate and authorized remedy where an employer rejects a card majority while at the same time committing unfair labor practices that tend to undermine the union's majority and make a fair election an unlikely possibility. 395 U.S. at 579–580, 89 S.Ct. at 1922.

Moreover the Court (slip opinion p. 29) approved and summarized the Board's *Cumberland Shoe* rule (Cumberland Shoe Corp., 144 N.L.R.B. 1268 (1964), enforced by the Sixth Circuit in N.L.R.B. v. Cumberland Shoe Corporation, 351 F.2d 917 (1965), reaffirmed by the Board in Levi Strauss & Co., 172 N.L.R.B. No. 57, 68 L.R.R.M. 1338 (1968)), as follows,—" * * * if the card itself is unambiguous (i. e., states on its face that the signer authorizes the union to represent the employee for collective bargaining purposes and not to seek an election), it will be counted unless it is proved that the employee was told that the card was to be used *solely*

for the purpose of obtaining an election." 395 U.S. at 584, 89 S.Ct. at 1925. "There is nothing inconsistent in handing an employee a card that says the signer authorizes the union to represent him and then telling him that the card will probably be used first to get an election." 395 U.S. at 606–607, 89 S.Ct. at 1936.

■ In the case at bar, the cards unequivocally designated the Union as the employee's bargaining representative and made no mention of holding an election. Petitioner attacked 3 of the cards as lacking authenticity and 19 of the cards as being obtained by misrepresentation. The Board rejected petitioner's evidence concerning the subjective intent of the card signers, and found all 68 of the cards were valid. The Board's rejection of petitioner's evidence on subjective intent was proper. *Gissel,* supra, 395 U.S. at 609, 89 S.Ct. at 1937. There is sufficient evidence to support the Board's finding that the 19 cards challenged for misrepresentation were valid, since petitioner's evidence failed to prove that the employees were told that the card was to be used *solely* for the purpose of obtaining an election. Thus, regardless of whether the 3 cards challenged for authenticity were valid, the Union had a majority of valid cards (at least 65 valid cards with only 58 being necessary for a majority).

■ The Court in Gissel, 395 U.S. at 594–595, 89 S.Ct. at 1929–1930, noted that National Labor Relations Board practice regarding the issuance of bargaining orders in authorization card cases had changed since the initial Board hearing of the *Gissel* case. The prior standard allowed the employer to refuse to bargain on the basis of authorization cards if he had a good faith doubt as to the union's majority position. Under the current Board practice good faith doubt is treated as "largely irrelevant, and the key to the issuance of a bargaining order is the commission of serious unfair labor practices that interfere with the election processes and tend to preclude the holding of a fair election." 395 U.S. at 594, 89 S.Ct. at 1930. Since

the Board's new standard was not explicitly applied to three of the cases considered in *Gissel*, and express findings under the new standard were not made, the cases were remanded to the Board for proper findings. 395 U.S. at 615–616, 89 S.Ct. at 1941.

 Our case presents a similar uncertainty. We therefore remand to the Board for appropriate findings.

The petition to review and set aside the Board's findings of violations of Sec. 8(a) (1), (2) and (3), (29 U.S.C. § 158(a) (1), (2) and (3)) is denied. The order to cease and desist from the unfair labor practices so found, and the order for reinstatement and back pay for employees Cantrell and Klein will be enforced. The case is remanded to the Board for proper findings as to a violation of Sec. 8(a) (5), (29 U.S.C. § 158 (a) (5)) to determine whether the employer's unfair labor practices were of such a character as to undermine the union's majority status and impede a fair election and whether the bargaining order was an appropriate remedy for such unfair labor practices.

Enforced in part, remanded in part.